UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GLENIS D. ROUSE,                           )
                                           )
        Plaintiff,                         )
                                           )
    vs.                                    )        Case No. 2:15CV9 HEA
                                           )
UNITED STATES STEEL AND                    )
CARNEGIE PENSION FUND,                     )
                                           )
        Defendant.                         )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand this action to

the Tenth Judicial Circuit Court, Marion County, Missouri, from which it was

removed, [Doc No 10] and Defendant's Motion to Dismiss, [Doc No. 8].

Defendants oppose the motion to remand; Plaintiff has not responded to the

Motion to Dismiss.

### Facts and Background

On October 15, 2014, Plaintiff filed a three count petition against Defendant

in the Circuit Court of Marion County, alleging Breach of Contract, (Count I),

Unjust Enrichment, (Count II), and Fraud, (Count III).

According to the petition, Plaintiff was employed by Defendant for thirty

years.  As part of his employment, Plaintiff and Defendant entered into an

agreement whereby Defendant provided Plaintiff with health insurance under the

USS Insurance Program. Defendant has denied Plaintiff coverage under the Program. He never received notice of the intention to cancel his insurance coverage under the Program prior to Defendant's cancellation of Plaintiff's policy. Plaintiff alleges he performed each act required on his part to keep his policy under the Program in full force and effect. Defendant has failed to provide health insurance coverage for Plaintiff. Defendant was allegedly required to provide coverage if Plaintiff continued to work for Defendant for a certain amount of time and met other employment requirements.

Plaintiff further alleges that Defendant presented the agreement regarding the Program to Plaintiff as an accurate representation of the requirements and conditions of the Program, and subsequently has made an allegedly false representation to Plaintiff that Defendant sent Plaintiff some type of notice informing him he must reply or his policy under the Program would be cancelled. Plaintiff never received any type of notice from Defendant.

## Motion to Remand

An action is removable to federal court if the claims could have originally been filed in federal court. 28 U.S.C. § 1441; *In re Prempro Products Liability Litigation*, 591F.3d 613, 619 (8th Cir. 2010). "The existence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that, 'federal question jurisdiction exists only when a federal question is presented on

the face of a plaintiff's properly pleaded complaint.'" *Mayfield v. Lutheran Senior Services*, 2009 WL 3526361, *2 (E.D. Mo. Oct. 26, 2009) (citing *Avenevoli v. Lockton Companies, Inc.*, 2008 WL 509545, *2 (E.D. Mo. Feb 22, 2008)).

Preemption under ERISA is one narrow exception to the well-pleaded complaint rule. *Hutson v. Kohner Props.*, 2009 U.S. Dist. LEXIS 100359 (E.D. Mo. Oct. 28, 2009) (citing *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 907 (8th Cir. 2005)). Under ERISA preemption, "a state law cause of action is subject to removal only where the claim 'relates to any employee benefit plan,' 29 U.S.C. § 1144(a) . . . and the claim seeks to recover benefits due or enforce rights under the terms of a plan, 29 U.S.C. § 1132(a) [or § 1144(a)], such that the exclusive cause of action is under federal law." *Avenevoli*, 2008 WL 509545, at *3 (citing *Neumann v. AT&T Communications, Inc.*, 376 F.3d 773, 780 (8th Cir. 2004)). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). All doubts about federal jurisdiction must be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

In the event that the federal court determines that it lacks subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c).

In the notice of removal, Defendant contends that federal question jurisdiction exists because Plaintiff's claims are preempted by ERISA. Its argument is premised on Plaintiff's allegations of the agreement whereby Defendant provided Plaintiff with health insurance under the USS Insurance Program.

Plaintiff argues that his allegations of fraud in Count III do not depend on or relate to the Program, rather, the fraud is governed by state law.

Section 514 of ERISA preempts all state laws that "relate to" employee benefit plans. 29 U.S.C. § 1144(a). ERISA preemption has been interpreted to have an extremely broad application. *Mayfield*, 2009 WL 3526361, at *2 (emphasis added).

"The phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1983). "In those cases where federal courts have decided that preemption is not mandated, the rationale often advanced is that the state law in question impacts upon ERISA in an indirect manner that is too tenuous or too remote to warrant preemption." *Greenblatt v. Budd Co.*, 666 F.Supp. 735, 741 (E.D.Pa. Aug. 5, 1987).

In the instant case, plaintiff alleges three state law claims: breach of contract, unjust enrichment and fraud. However, included within these claims, are allegations that Plaintiff was promised health insurance coverage, complied with the requirements to receive continued coverage, was denied coverage and did not receive any notice prior to the cancellation of the coverage. The coverage on which Plaintiff bases his claims is that provided by his employer and is apparently contingent upon Plaintiff's fulfilling requirements of employment with Defendant. The Court finds that these allegations fall squarely within ERISA preemption. Thus, although Plaintiff's petition technically pleads state law causes of action, his claims "relate to" an ERISA plan as a result of his allegations that Defendant failed to comply with the Agreement for health coverage under the Plan. Accordingly, defendant has a right to remove plaintiff's claims to federal court.

## Motion to Dismiss

To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555).

Rule 12(b)(6) permits a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted[.]" Although a complaint need not contain detailed factual allegations to survive a motion to dismiss under Rule 12(b)(6), it must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' " *Twombly,* 550 U.S. at 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). On a motion to dismiss under Rule 12(b)(6), courts must accept the plaintiffs factual allegations as true and construe all inferences in the plaintiff's favor, but need not accept a plaintiff's legal conclusions. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768–69 (8th Cir.2012). As the moving parties under Rule 12(b)(6), Defendants bear the burden of proving that no claim exists. *See* 5B Charles Alan Wright et al., *Federal Practice and Procedure* § 1357 (3d ed. 2004) ("All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

Plaintiff's claims are preempted by ERISA, however, Plaintiff has failed to set for a claim under ERISA. The civil enforcement provision of ERISA provides:

A civil action may be brought—(1) by a participant or beneficiary—

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

29 U.S.C. § 1132(a)(1). Plaintiff's Petition fails to set forth that he is attempting to recover benefits due him under the terms of the plan, or that he seeks recovery under the provisions of 29 U.S.C. § 1132 (a)(1). As such, the Petition must be dismissed.

For the reasons discussed above,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand [Doc. No. 10] is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 8], is granted.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint.

Dated this 22nd day of May, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE